887 F.2d 1094
 13 U.S.P.Q.2d 1415
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FUJIIE, Appellant,
v.
VERHAGEN, Appellee.
 No. 89-1126.
 United States Court of Appeals, Federal Circuit.
 Sept. 5, 1989.
 
 Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge,* and MAYER, Circuit Judge.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 This appeal is from the final decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board) in Fujiie v. Verhagen, Interference No. 101,688, decided August 29, 1988. The board awarded judgment as to the subject matter in the single count to senior party Verhagen and held that junior party Fujiie was not entitled to a patent containing his application claims 1 to 11 which had been designated as corresponding to the count. We affirm.
 
 OPINION
 
 2
 1. The dispositive issue in this appeal is count construction. For the convenience of the parties, the pertinent portions of the count are reproduced below:
 
 
 3
 ... and means [for] operating said lock mechanism ... in response to a loading or unloading operation ... or in response to relative movement of said optical pickup to the disk.... [Our emphasis.]
 
 
 4
 Fujiie contends that the count requires a locking mechanism which operates in response to disk loading/unloading and in response to relative movement of the optical pickup and the disk. Thus, according to Fujiie, the count does not read on a locking mechanism which operates only in response to loading/unloading, nor does it read on a locking mechanism which operates only in response to relative movement of the optical pickup and the disk.
 
 
 5
 Like the board, we reject Fujiie's interpretation as inconsistent with the rule that counts are to be given the broadest reasonable interpretation. DeGeorge v. Bernier, 768 F.2d 1318, 1321-22, 226 USPQ 758, 760-61 (Fed.Cir.1985). The broadest reasonable interpretation of the count is one in which the locking mechanism may operate in response to loading/unloading, or in response to relative movement, or in response to both loading/unloading and relative movement. Not only is this construction reasonable, but it is perhaps the only permissible interpretation of the coordinating conjunction "or" which links the two claim limitations. Properly construed, therefore, the count describes alternative functions and is "generic."
 
 
 6
 Fujiie's argument that this construction ignores the Fujiie specification is misplaced. Resort to the specification to determine the meaning of a count is proper only when the count is ambiguous. See, e.g., Woods v. Tsuchiya, 754 F.2d 1571, 1578, 225 USPQ 11, 15 (Fed.Cir.1985). Similarly, we reject Fujiie's argument that this construction ignores the doctrine of claim differentiation. Fujiie's claim 8 calls for a locking mechanism which operates in response to loading/unloading. Fujiie's claim 10 calls for a locking mechanism which operates in response to relative movement of the optical pickup and the disk. Neither of these "different" claims offers any guidance as to whether the count (to which claim 1 corresponds) requires a locking mechanism which operates in response to either, or both, of these conditions.
 
 
 7
 Finally, we reject Fujiie's argument that the board's count construction yields "anomalous" results. Fujiie seems to think it is anomalous that by losing the interference count Fujiie can lose "more" than a determination that Verhagen is prior art to Fujiie. That result, however, is possible in many interferences, and Fujiie's failure to anticipate it (or perhaps preclude it by invoking proper procedural mechanisms) suggests a lack of understanding of interference law and procedure.
 
 
 8
 2. It is irrelevant that Verhagen's disclosure does not support limitations which are not in his claims, even though those limitations appear in the count and in Fujiie's claims. Squires v. Corbett, 560 F.2d 424, 433, 194 USPQ 513, 519 (CCPA 1977), defined the proper inquiry to be whether a party's disclosure fully supports its claims corresponding to the count. Here, Fujiie does not dispute that Verhagen's disclosure supports his claims. Thus, we reject Fujiie's argument that the board's rejection of Fujiie's claims was improper because Verhagen does not disclose a locking mechanism which operates in response to relative movement of the optical pickup and the disk. Moreover, we affirm the board's holding that the party who is first to reduce to practice an embodiment of a species falling within a generic count is entitled to prevail in the interference. Weil v. Fritz, 572 F.2d 856, 865-66 n. 16, 196 USPQ 600, 608 n. 16 (CCPA 1978).
 
 
 9
 3. We decline to address other issues (such as whether there is an interference-in-fact and whether Verhagen's claim 18 corresponds exactly or substantially to the count) which are raised by Fujiie for the first time on appeal. Fujiie could have invoked a number of procedural mechanisms which would have brought these issues before the examiner-in-chief. Fujiie could have made a motion to substitute a narrower count and a contingent motion for judgment on the ground that his claims did not correspond to the substituted count, but he did not. Fujiie also could have made a motion for judgment on the ground that there was no interference-in-fact, but he did not. We review the board's decisions for error, which can not be proved by resorting to arguments and issues which were never presented, no matter how meritorious they might otherwise be.
 
 
 
 *
 Judge Nichols heard oral argument in this case but did not participate further because of illness